UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61110-CIV-COHN

TERRA ZDENEK,

Magistrate Judge Seltzer

    Plaintiff,

vs.

SCHOOL BOARD OF BROWARD COUNTY,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

THIS CAUSE is before the Court upon Defendant's Motion to Strike Portions of Complaint [DE 4]. The Court has carefully considered the motion and response thereto, and is otherwise fully advised in the premises (no reply memoranda was filed).

Plaintiff filed this action for sexual harassment (hostile work environment) discrimination pursuant to Title VII of the Civil Rights Act and the Florida Civil Rights Act ("FCRA"), retaliation under Title VII and the FCRA, and constructive discharge. Plaintiff worked as a teacher at Deerfield Elementary in Broward County. Plaintiff's complaint contains detailed allegations regarding the actions of John Hodge, the principal of Deerfield Elementary. Defendant moves to strike various paragraphs of the Complaint pursuant to a rule of Florida Civil Procedure, which may or not be analogous to Rule 12(f) of the Federal Rules of Civil Procedure. The pleadings in this case are governed solely by the Federal Rules.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Defendant argues that several sub-paragraphs (¶¶ 13-14) in the Complaint

[DE 1] containing details regarding Hodge's actions toward Plaintiff should be stricken. Defendant also seeks to strike paragraphs describing Hodge's alleged actions towards other female teachers (¶ 15 of DE 1), Plaintiff's efforts to complain (¶16[1]), Hodge's alleged threats (¶ 20), unnamed faculty and staff actions toward Plaintiff (¶ 24), a PTA meeting where school administrators allegedly spoke in favor of Hodge (¶ 25), the Board's conclusion regarding their investigation (¶ 27), and the effect on Plaintiff and her family (¶ 28).

There are few published opinions regarding what is considered "redundant, immaterial, impertinent, or scandalous" under Rule 12(f), other than it is an issue left to the discretion of the trial court. In Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988), the First Circuit Court concluded that use of the terms "concentration camp," "brainwash," and "torture," and a comparison to "Chinese communists in Korea," in a case alleging emotional damages resulting from an employer's resignation process should be stricken. The Court stated that these terms were "superfluous descriptions" and not substantive elements of the cause of action. Id. In Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992), the Seventh Circuit concluded that the district court did not abuse its discretion in striking paragraphs in a complaint that alleged that defendants intentionally caused a salmonella outbreak, resulting in deaths and injuries to consumers, in order to deprive plaintiffs of their jobs at a dairy. The Court stated that the district court's conclusion that these allegations were devoid of any factual basis was not an abuse of discretion.

---

[1] There are two paragraphs labeled "16."

Id.

In the present case, Plaintiff argues that the United States Court of Appeals for the Eleventh Circuit standard for a plaintiff to maintain a sexual harassment claim requires such detailed descriptions of alleged harassing actions. Mendoza v. Borden, Inc., 195 F.3d 1238 (11th Cir. 1999) (*en banc*). "Establishing that harassing conduct was sufficiently severe or pervasive to alter an employee's terms or conditions of employment includes a subjective and an objective component." Mendoza, 195 F.3d at 1256; Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22 (1993). "[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" Oncale v. Sundowner Offshore Services, Inc., et al., 523 U.S. 75, 80 (1998). All of the circumstances may include; the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. Harris, 510 U.S. at 23.

The Court concludes that although such detailed factual allegations are not required under the notice pleading standard expressed in Rule 8 of the Federal Rules of Civil Procedure, given the Eleventh Circuit standards on what constitutes actionable sexual harassment, the allegations in this Complaint do not rise to the level of what is considered "redundant, immaterial, impertinent, or scandalous" under Rule 12(f), with one exception. The one sentence regarding the Plaintiff's son in ¶ 28 is immaterial and impertinent and shall be stricken. Plaintiff's son is not a party to this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Strike Portions of Complaint [DE 4] is hereby **GRANTED in part** only as to the third sentence of ¶ 28 of the Complaint;

2. The sentence commencing, "Plaintiff's son was. . ." and concluding "nothing was done" shall be deemed stricken from ¶ 28 the Complaint;

3. Defendant's Motion to Strike is **DENIED** in all other respects;

4. Defendant shall file an Answer to the Complaint by January 8, 2008.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of December, 2007.

JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF